**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1680
_____

ROBERT C. ATKINSON, JR.,
                                        Petitioner

v.

NATIONAL LABOR RELATIONS BOARD,
                                        Respondent
_____

On Petition for Review of a
Decision and Order of the
National Labor Relations Board
(NLRB Docket No. 06-ca-143062)


_____

Argued: December 10, 2020

Before: MCKEE, PORTER, and FISHER,
*Circuit Judges*

(Filed: July 8, 2021)

Catherine Highet **[ARGUED]**
HIGHET LAW LLC
1022 Southwest Salmon Street
Portland, OR 97205

        *Counsel for Petitioner Robert C. Atkinson, Jr.*

Michael J. Goldberg
73 Harrowgate Drive
Cherry Hill, NJ 08003

Barbara Harvey
8900 East Jefferson Avenue, Suite 510
Detroit, MI 48214

          *Counsel for Amici Appellants The Association for Union Democracy and
          Teamsters for a Democratic Union*

David Habenstreit
Elizabeth A. Heaney
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, S.E.
Washington, D.C. 20003

Joel Heller **[ARGUED]**
NATIONAL LABOR RELATIONS BOARD
1099 14th Street, N.W.
Washington, D.C. 20570

          *Counsel for Respondent National Labor Relations Board*

Jennifer R. Asbrock **[ARGUED]**
FROST BROWN & TODD
400 West Market Street
Louisville, KY 40202

Tony C. Coleman
DINSMORE & SHOHL
101 South 5th Street
Louisville, KY 40202

Jacqueline N. Rau
DINSMORE & SHOHL
191 West Nationwide Boulevard
Columbus, OH 43215

          *Counsel for Intervenor Respondent United Parcel Service Inc.*

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Robert Atkinson appeals the National Labor Relations Board's order deferring to a dispute-resolution panel that found in favor of Atkinson's employer, UPS. In reaching its decision, the Board readopted a prior standard regarding when it would defer to dispute-resolution panels. The Board's adoption of the deferral standard survives our review, but the Board failed adequately to explain its reasoning when applying the new standard. We will thus affirm in part and vacate in part the Board's order and remand for further proceedings. We write for the parties who are familiar with the record.

## I[1]

Atkinson first argues that the Board erred when it adopted a new standard for when it will defer to a dispute-resolution panel's decision. The Board chose Atkinson's case as an opportunity to return to the standard it adopted in *Olin Corp.*, 268 N.L.R.B. 573 (1984), under which the Board forgoes hearing an unfair-labor-practice charge in the following circumstances:

> (1) the arbitration proceedings were fair and regular, (2) the parties agreed to be bound, (3) the contractual issue was factually parallel to the unfair labor practice issue, (4) the arbitrator was presented generally with the facts relevant to resolving the unfair labor practice, and (5) the decision was not

---

[1] The Board had jurisdiction under 29 U.S.C. § 160(a), which empowers it "to prevent any person from engaging in any unfair labor practice . . . affecting commerce." We have jurisdiction under 29 U.S.C. § 160(f), which provides that "[a]ny person aggrieved by a final order of the Board . . . may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in." UPS allegedly committed an unfair labor practice against Atkinson in Pennsylvania, so we have jurisdiction to review a final order of the Board.

clearly repugnant to the purposes and policies of the [National Labor Relations Act (the "Act")].

App. 11 (footnote omitted).

Following its new standard, the Board deferred to the dispute-resolution panel and dismissed Atkinson's unfair-labor-practice charge.

This Court must "uphold a Board rule as long as it is rational and consistent with the Act, even if we would have formulated a different rule had we sat on the Board. Furthermore, a Board rule is entitled to deference even if it represents a departure from the Board's prior policy." *NLRB v. Curtin Matheson Sci., Inc.*, 494 U.S. 775, 787 (1990) (citations omitted). Where the Board chooses to defer to the decision of a dispute-resolution panel, "we review the Board's deferral decisions for abuse of discretion only." *NLRB v. Yellow Freight Sys., Inc.*, 930 F.2d 316, 322 (3d Cir. 1991).

Here, the Board sought to reconcile two policies expressed in the Act: (1) that the "desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement" should be by "a method agreed upon by the parties," 29 U.S.C. § 173(d), and (2) that the "Board is empowered . . . to prevent any person from engaging in any unfair labor practice," 29 U.S.C. § 160(a).

According to the Board, deferring to an agreed-upon dispute-resolution proceeding encourages parties to the collective-bargaining agreement to rely on the proceeding rather than attempting to circumvent the proceeding by taking grievances to the Board in the form of an unfair-labor-practice charge. This fulfills Congress's first policy mandate

4

under 29 U.S.C. § 173(d). Further, by restricting deferral to those proceedings where the contractual grievance "parallels" the unfair-labor-practice charge, the Board does not abdicate its mandate to prevent unfair labor practices under 29 U.S.C. § 160(a). The party bringing the unfair-labor-practice charge will still have an opportunity to present the charge before a neutral body that can decide the issue, even if the Board itself does not hear the case. We conclude that the Board's reasoning is "rational and consistent with the Act," so we will affirm the Board's re-adoption of the *Olin* standard. *Curtin Matheson Sci., Inc.*, 494 U.S. at 787.[2]

## II

Next, Atkinson argues that the Board erred in deferring to the dispute-resolution panel because his June 20 discharge proceeding did not result in a final decision. The Board has held that it will not defer on an otherwise deferrable claim decided by a dispute-resolution panel when a second, "closely related" claim exists that is not deferrable. *Hoffman Air & Filtration Sys., Div. of Clarkson Indus., Inc.*, 312 N.L.R.B. 349, 352 (1993) (refusing to defer on a deferrable claim where another non-deferrable

---

[2] Besides challenging whether the dispute-resolution-panel proceeding was "fair and regular" as described below, Atkinson does not challenge the Board's discretionary decision to defer to the dispute-resolution panel under the other four criteria of the Board's new standard. In other words, Atkinson challenges only the Board's decision to *adopt* a new deferral standard, but he does not contest the *application* of the new deferral standard. In both the dispute-resolution-panel proceeding and the unfair-labor-practices charge, Atkinson alleges that UPS discriminated against him because he had participated in the Vote No campaign. The two claims appear "parallel" and would likely require the same evidence regarding discriminatory motive. Thus, the Board properly exercised its discretion to defer.

5

claim was "closely related" to the deferrable claim because doing so would "make[] no economic sense"). Atkinson maintains that since the Board could not defer to the June 20 discharge, it erred in deferring to the "closely related" October 28 discharge as well.

The Board noted that "no evidence [existed] that [the June 20] grievance was ever resolved, but the resolution of [Atkinson's] October 28 discharge was apparently conclusive as to the end of his employment with [UPS]." App. 4 n.5. The June 20 discharge never resulted in any harm to Atkinson since he continued to work while he grieved the June 20 discharge to the dispute-resolution panel. Once the panel upheld Atkinson's October 28 discharge, the final result of the June 20 discharge proceeding became irrelevant: even if Atkinson succeeded in the grievance process for the June 20 discharge, he was no longer an employee of UPS since the panel upheld the October 28 discharge. Thus, the June 20 discharge that Atkinson calls incomplete and not subject to deferral is actually moot, and the Board did not err.

III

Finally, Atkinson argues that even under its newly adopted deferral standard, the Board should not have deferred to the dispute-resolution-panel proceeding because the proceeding was not "fair and regular." The Board rejected Atkinson's argument by asserting that "it is well established that the General Counsel, not the Charging Party, is in control of the complaint." App. 12. In the Board's view, only Atkinson, not the General Counsel, raised the "fair and regular" argument before the Board, so the Board

6

did not need to address it. *See id.* In the alternative, the Board dismissed Atkinson's argument as "unfounded speculation" without further explanation. *Id.*

Contrary to the Board's statement, Atkinson can raise issues before the Board independent of the General Counsel's action.[3] The procedural regulations governing actions brought under the Act provide that "any party may . . . file with the Board . . . exceptions to the Administrative Law Judge's decision." 29 C.F.R. § 102.46. The regulations define "party" to include "any person filing a charge or petition under the Act." *Id.* § 102.1.

On the merits, Atkinson points to several instances in the record that he argues demonstrate a lack of a "fair and regular" dispute-resolution-panel proceeding. For example, he cites an email exchange between dispute-resolution-panel member Gandee and another UPS official where Gandee forwarded pictures of Vote No signs placed in several worker's cars and asked, "Do we have to allow this and/or do we have any recourse?" A.R. 1993. Additionally, Betty Fischer, the local business agent who

---

[3] The Board's conclusion stems from several of its decisions asserting that the "General Counsel, not the Charging Party, determines the theory of the case." *Local 282, Int'l Brotherhood of Teamsters*, 335 N.L.R.B. 1253, 1254 (2001) (quoting *Operating Eng'rs Local 12 (Sequoia Const.)*, 298 N.L.R.B. 657, 657 n.1 (1990)). But in these cases, the General Counsel's theory of liability either (1) stood in direct contrast to the charging party's theory of liability, *Sequoia Const.*, 298 N.L.R.B. at 657 n.1 ("The Charging Party's analysis of the picketing, advanced for the first time at this stage of the proceeding, substantially differs from the theory of the case relied on by the General Counsel and litigated by the parties."), or (2) the General Counsel voiced opposition to the charging party's theory of liability, *Local 282*, 335 N.L.R.B. at 1254 ("[A]t the hearing, the General Counsel specifically disavowed [the Charging Party's] allegation."). Here, the General Counsel and Atkinson had no conflict when Atkinson filed exceptions to the administrative law judge's findings.

represented Atkinson at the panel proceeding and faced Atkinson in an election, forwarded one of Atkinson's Facebook posts celebrating a campaign event to a member of UPS management and commented, "Hum, wonder if his 'time' at Asbury [was] while he was delivering." A.R. 2564.

While we normally defer to the Board, "the Board bears the burden of stating reasons for its action and making sufficient factual findings to support them. Only when the Board does so can it clearly show that it has legitimately exercised its discretion." *Local 467, Upholsterers' Int'l Union of N. Am. v. NLRB*, 419 F.2d 179, 182 (3d Cir. 1969). If the Board fails to explain its findings or its application of those findings to the law, then we remand to the Board "to make whatever additional factual findings and to articulate whatever reasons it believes will be pertinent to its ultimate disposition of this case." *Id.*; *see also Dist. 1199P, Nat'l Union of Hosp. & Health Care Emps.*, 864 F.2d 1096, 1104 (3d Cir. 1989). The Board did not address Atkinson's allegations regarding a lack of a "fair and regular" proceeding. Thus, we remand in part so that the Board can address Atkinson's argument that the dispute-resolution-panel proceeding was not fair and regular.

\* \* \*

The Board adopted an appropriate deferral standard and correctly determined that Atkinson's first claim before the dispute-resolution panel was moot. Nonetheless, the Board erred in failing to explain why it found that the dispute-resolution panel's

8

proceeding was fair and regular under its new deferral standard. Thus, we will affirm in part and vacate in part the Board's order and remand for further proceedings.[4]

---

[4] Atkinson filed a motion to expand the record on appeal. We grant this motion.